IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tyler Gischel | : | |
| | : | Case No. 1:17-cv-00475 |
| Plaintiff(s) | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | JOINT DISCOVERY PLAN |
| University of Cincinnati, et al. | : | |
| | : | |
| Defendant(s) | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Pretrial Procedure Outline. The parties conducted their discovery conference on February 12, 2018.

**1.     MAGISTRATE CONSENT**

The Parties:

☐ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☑ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

☐ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

2. **RULE 26(A) DISCLOSURES**

There are no changes that need to be made in the timing, form, or requirement for disclosures under Rule 26(a). All disclosures required by Rule 26(a)(1) have been made by the parties hereto or will be made by the time of the scheduled Preliminary Pretrial Conference.

☑ The parties agree to delay the initial disclosure until March 2, 2018. The purpose of delay is to provide the parties additional time to complete the submissions.

3. **DISCOVERY ISSUES AND DATES**

A. Describe the subjects on which discovery is to be sought and the nature, extent, and scope of discovery that each party needs to: (i) make a settlement evaluation; (ii) prepare for case dispositive motions; and (iii) prepare for trial:

Plaintiff needs to conduct discovery on the following subjects: the remaining claims contained in the First Amended Complaint; Defendants' investigation and adjudication of Title IX and sexual assault claims filed against Plaintiff; Defendant Richey's relationship with the student who filed sexual assault claims against Plaintiff; UC's Title IX policies and procedures; UC's Title IX training; UC's handling of claims against other similarly situated students; and the U.S. Department of Education's investigation of UC's handling of Title IX claims.

In addition to seeking discovery on the subjects identified by Plaintiff above, Defendant will seek discovery regarding the facts of the incident between Plaintiff and Ms. Schoewe, including testimony from Mr. Gischel and other witnesses, as well as facts related to UC's defenses to Plaintiff's claims.

      B.      Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

          \_\_\_\_\_X_____ Yes
          _____ No

      (i) The parties have electronically stored information in the following formats:

The parties discussed storage and exchange of ESI, including production of readable TIFF files and use of agree-upon search terms to identify responsive emails..

      (ii) The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties are not aware of any issues with respect to ESI at this time.

    C.    Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

    \_\_\_X\_\_\_\_Yes

    _____ No

(i) The case presents the following issues relating to claims of a privilege or of protection as trial preparation materials:

The parties anticipate submitting a protective order that provides for, among other things, a procedure for protection and return of inadvertently produced documents in accordance with Evid.R. 502.

(ii) Have the parties agreed on a procedure to assert such claims AFTER production?

    \_\_\_\_X\_\_\_\_\_Yes

    _____No

    _____Yes, and the parties ask that the Court include the following agreement in the scheduling order:

See above.

D. The parties recommend that discovery

☐ need not be bifurcated

☐ should be bifurcated between liability and damages

☑ should be bifurcated between factual and expert

☐ should be limited in some fashion or focused upon particular issues which relate to _____

E. Disclosure and report of plaintiff expert(s) by      March 29, 2019

F. Disclosure and report of defendant expert(s) by      May 29, 2019

G. Discovery cutoff                                     January 31, 2019

H. Anticipated discovery problems

☐ _____.

☐ XX **None**

**4.    LIMITATIONS ON DISCOVERY**

A. Changes in the limitations on discovery

☐ Extension of time limitations (currently one day of seven hours) in taking of depositions to_____.

☑ Extension of number of depositions (currently 10) permitted to  15.

☐ Extension of number of interrogatories (currently 25) to_____.

☐ Other:_____.

☐ None

B. Protective Order

☑ A protective order will likely be submitted to the Court on or before March 15, 2018.

☐ The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299 (6th Cir. 2016).

**5.** **OTHER COURT ORDERS UNDER RULE 26(C) OR RULE 16(B) AND (C)**

☐ The plaintiff anticipates the need for the Court to set a deadline to allow for the amendment of the complaint to

☐ add parties.

☐ add additional claims.

☐ add factual allegations to support original claim(s).

☐ _____.

Signatures:  Tracy L. Turner            Eric K. Combs
             Attorney for Plaintiff(s)  Attorney for Defendant(s)