IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Tyler Gischel, | : | |
| | : | Case No. 1:17-cv-475 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in |
| University of Cincinnati, *et al.*, | : | Part Motion to Reconsider |
| | : | |
| Defendants. | : | |

      This matter is before the Court on Plaintiff's Motion to Reconsider (Doc. 21) the Court's Amended Order Granting in Part and Denying in Part Defendants' Motion to Dismiss the Plaintiff's First Amended Complaint ("Amended Dismissal Order") (Doc. 16).[1] Plaintiff Tyler Gischel argues that the Sixth Circuit's recent decision in *Doe v. Miami University*, 882 F.3d 579 (6th Cir. 2018)—released after the Court issued the Amended Dismissal Order—warrants reconsideration of the Court's decision to dismiss his Title IX selective enforcement, equal protection, and substantive due process claims. Defendants respond that dismissal of the claims remains proper even after the *Doe v. Miami University* decision. For the reasons that follow, the Court will **GRANT IN PART AND DENY IN PART** the Motion for Reconsideration.

I.     ANALYSIS

A.     **Title IX Selective Enforcement**

      A plaintiff asserting a Title IX selective enforcement claim must prove that "a similarly-situated member of the opposite sex was treated more favorably than the plaintiff due to his or her gender." *Doe v. Cummins*, 662 F. App'x 437, 452 (6th Cir. 2016). This Court read Gischel's First Amended Complaint broadly to assert a selective enforcement claim based on an allegation

---

[1] The Court issued an Amended Dismissal Order to correct typographical errors in the initial Order.

that the University of Cincinnati ("UC") did not investigate or discipline Jennifer Schoewe for sexual assault despite her kissing Gischel and touching his penis without his consent. (Doc. 10 at PageID 779, 781.) The Court dismissed Plaintiff's selective enforcement claim in the Amended Dismissal Order holding in part that "the accuser [Schoewe] cannot be the similarly-situated individual to whom the accused student plaintiff [Gischel] is compared" for purposes of demonstrating the gender bias underlying a selective enforcement claim. (Doc. 16 at PageID 1536.) The Court cited two district court decisions in support, but the Sixth Circuit in *Doe v. Miami University* undercuts this portion of the Court's rationale.

In *Doe v. Miami University*, the female student alleged that she and the accused male plaintiff had consensual sexual contact, before the accused male plaintiff engaged in nonconsensual sexual touching. 882 F.3d at 585–86. A resident advisor, who heard about the incident secondhand, reported the incident to Miami University. *Id.* at 586. The female student admitted to drinking on the night of the incident, but asserted that she had sobered up before engaging in the sexual acts, but the accused male student was intoxicated and had an incomplete recollection of the sexual encounter. *Id.* The Sixth Circuit found that Miami's decision to investigate and discipline the accused male plaintiff for sexual assault, but not the female student, was possible evidence of gender bias because the male plaintiff was too intoxicated to consent to sexual acts under Miami University's policies. *Id.* at 593–94, 596–97. It appears, therefore, that the Sixth Circuit will allow the female accuser to be the similarly-situated person to whom the accused male plaintiff is compared to determine if disparate treatment has occurred.

Defendants respond that *Doe v. Miami University*, nonetheless, does not require a reversal of the Amended Dismissal Order as to the selective enforcement claim because this Court also stated that Gischel did not complain to UC that Schoewe's act of touching his penis

2

was unwelcome. (Doc. 16 at PageID 1536.) The Court disagrees. It is true that Gischel did not make a formal, or even informal, complaint to UC that he did not consent to having his penis touched or that he considered such touching to be unwelcome. However, the Sixth Circuit found in *Doe v. Miami University* that the male accused student did not need to make a formal complaint of sexual assault against his female accuser to Miami University because Miami University had actual knowledge that male student might have been too intoxicated to consent to sexual activity under university policy. 882 F.3d at 591. The Sixth Circuit stated in relevant part as follows:

> The district court was incorrect to suggest that John [Doe] needed to have made a formal complaint about Jane [Doe] in order to plead a deliberate-indifference claim. . . . The University did have actual knowledge that Jane had kissed John while John was so intoxicated that he could not remember the events of the night the next morning—indicating that John was inebriated to the extent that he could not consent under Miami University's policies. Thus, John's failure to initiate his own complaint against Jane for her sexual misconduct has no impact on the actual knowledge of the defendants.

*Id.* (internal citations omitted).

The situation here is analogous. Gischel asserts in the First Amended Complaint that both he and Schoewe had been drinking and were intoxicated on the night of their sexual encounter.[2] (Doc. 10 at PageID 754, 755, 759, 762, 771, 775.) UC was told during the investigation of whether Gischel assaulted Schoewe that Gischel had consumed two drinks of a homemade concoction of "jungle juice" and as many as four or five beers. (Doc. 1-12 at PageID 367, 370, 374, 390.) He was described by a witness as "pretty drunk" and described himself as "intoxicated." (*Id.* at PageID 374, 390.) UC had knowledge that Schoewe kissed Gischel and touched his penis when he arguably was in this intoxicated state. (*Id.* at PageID 339, 370, 395.)

---

[2] Gischel, perhaps alternatively, asserts that UC's written policies are contradictory as to whether a person must be "incapacitated," and not merely "intoxicated," to be legally unable to provide consent. (*Compare* Doc. 1-2 at PageID 107–08 *with Id.* at PageID 119, 124.)

Gischel did not have to make a complaint when UC had actual knowledge of these facts. *See Doe v. Miami Univ.*, 882 F.3d at 591. UC's Policy on Sex Offenses states that "[l]egally, consent cannot be given while intoxicated or medicated since these states inhibit an aware state of mind." (Doc. 1-2 at PageID 119, 124.) Therefore, an argument can be made that Gischel could not consent to Schoewe's kissing and touch. UC, nonetheless, only investigated and disciplined Gischel for sexual assault. The Court agrees that these factual allegations are sufficient after *Doe v. Miami University* to state a claim for Title IX selective enforcement against UC.[3]

**B.     Equal Protection Claims**

A plaintiff asserting an equal protection claim "must allege that the state made a distinction which burdened a fundamental right, targeted a suspect class, or intentionally treated one differently from others similarly situated without any rational basis for the difference." *Doe v. Miami Univ.*, 882 F.3d at 595 (internal quotation and citation omitted). Gischel asserted equal protection claims against the Individual Defendants in their official capacities for injunctive relief and in their personal capacities for damages. The Court dismissed the equal protection claims in the Amended Dismissal Order finding that Gischel could not support the claims based on the allegation that UC treated Schoewe more favorably than it treated him. (Doc. 16 at PageID 1542–43.) However, similar to the Title IX selective enforcement claim, the analysis changes after *Doe v. Miami University*.

Gischel has stated plausible claims that Defendants Jyl Shaffer, UC's former Title IX Coordinator, Daniel Cummins, UC's Assistant Dean of Students and the Director of the Office of

---

[3] The Court's analysis should not be read to imply that Schoewe's acts of kissing and touching Gischel's penis without his consent could be considered sexual assault of the same type or degree that Gischel is accused of perpetrating against Schoewe later that night at his apartment. Nonetheless, UC's failure to even investigate whether Schoewe's conduct amounted to a sexual offense under its policy is an allegation of selective enforcement and unequal treatment at the dismissal stage.

Judicial Affairs ("OUJA"), and William Richey, a UC Police Department Detective, violated his equal protection rights by investigating and disciplining him for sexual assault, but neither investigating nor disciplining Schoewe. Gischel pleaded facts indicating that Shaffer and Detective Richey discovered during their investigation that Gischel was intoxicated, and thus could not have given consent under UC's Policy on Sex Offenses, when Schoewe kissed him and touched his penis. Gischel pleaded facts that Cummins placed Gischel on an interim suspension, received a copy of the investigative report, and oversaw the OUJA proceedings against Gischel prior to the ARC hearing. (Doc. 16 at PageID 734, 758, 763–64.) Nonetheless, Shaffer, Cummins, and Detective Richey investigated and brought a disciplinary action against only Gischel, and not against Schoewe. These allegations of disparate treatment are sufficient at the dismissal stage under *Doe v. Miami University* to state equal protection claims against Shaffer, Cummins, and Detective Richey in their official capacities. 882 F.3d at 595–97.

Further, as to the personal capacity claims, the Sixth Circuit concluded in *Doe v. Miami University* that the analogous facts were sufficient to overcome a qualified immunity defense as well. *Id.* at 604. The Sixth Circuit stated summarily that the "right to freedom from invidious [gender] discrimination under the Equal Protection Clause was certainly clearly established at all times pertinent to this action." *Id.* (quoting *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011)). This Court must follow the Sixth Circuit and hold that the equal protection claims against Shaffer, Cummins, and Detective Richey in their personal capacities are not barred by the assertion of qualified immunity.

Nonetheless, the Court finds that the personal capacity claims against Defendants Brice Mickey, Carol Tonge Mack, Arnett Glassco, and Rachel Smith are barred by qualified immunity. Qualified immunity applies when a defendant has not violated a plaintiff's constitutional right.

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001). "Each defendant's liability must be assessed individually, based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010). Gischel has not stated any allegations in the First Amended Complaint indicating that Defendants Mickey, Tonge Mack, Glassco, or Smith played a role in determining which students to investigate or bring disciplinary action against for alleged violations of UC's sexual harassment or sexual assault policies. They participated in the ARC hearing or appeal process in which Gischel was held responsible for violating UC's Student Code of Conduct, but they had no opportunity to adjudicate any disciplinary charge against Schoewe. Accordingly, they cannot be said to have treated Gischel in a disparate manner vis-à-vis Schoewe or any other similarly-situated female student so as to be liable for an equal protection violation.

In conclusion, the Court will grant the Motion to Reconsider to the extent that the official and personal capacity claims against Defendants Shaffer, Cummins, and Detective Richey for equal protection violations will not be dismissed.

### C. Substantive Due Process Claims

"Substantive-due-process claims are loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that shock the conscience." *Doe v. Miami Univ.*, 882 F.3d at 598 (internal quotation and citation omitted). Plaintiff Gischel asserted substantive due process claims against the Individual Defendants in their official capacities for injunctive relief and in their personal capacity for damages. This Court determined in the Amended Dismissal Order that Gischel's substantive due process claims failed as a matter of law because his equal protection claims failed. (Doc. 16 at PageID 1542–43.) A student's claim for a violation of a substantive due process right to continued education at a public university does

6

not exist if the student's equal protection rights were not violated. *See Martinson v. Regents of Univ. of Mich.*, 562 F. App'x 365, 375 (6th Cir. 2014); *Bell v. Ohio State Univ.*, 351 F.3d 240, 251 (6th Cir. 2003).

The survival of the equal protection claims, however, does not necessarily mean that the substantive due process claims survive as well. "[T]he Supreme Court never has held that the interest in continued education at a public university constitutes a fundamental property or liberty interest that finds refuge in the substantive protections of the Due Process Clause." *Doe v. Miami Univ.*, 882 F.3d at 598 (quoting *Martinson*, 562 F. App'x at 375). The Sixth Circuit refused to recognize in *Doe v. Miami University* "an independent property interest in pursuing a post-secondary education continuously, free from a suspension of less than four months." *Id.* The Sixth Circuit also refused to find that the suspension of the accused male plaintiff for four months shocked the conscience. *Id.* at 599. The discipline in this case was greater—Gischel was expelled from UC—but the fact remains that Gischel has not identified a single case in which a federal court has concluded that substantive due process rights were violated in the university discipline context. The Court will not reconsider its dismissal of Gischel's official capacity or personal capacity substantive due process claims.

## II.    CONCLUSION

For the foregoing reasons, the Motion to Reconsider (Doc. 21) the Amended Dismissal Order is **GRANTED IN PART** and **DENIED IN PART**. It is granted insofar as the Court will not dismiss the Title IX selective enforcement claim against UC nor the equal protection claims against Defendants Jyl Shaffer, David Cummins, and William Richey in their official and personal capacities. It is denied in all other respects.

**IT IS SO ORDERED.**

Dated this _26th__ day of ____June_____, 2018.

                                                BY THE COURT:

                                                <u>s/Susan J. Dlott_____</u>
                                                Susan J. Dlott
                                                United States District Judge