AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| Tyler Gischel | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:17CV475 |
| University of Cincinnati, et al., | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Montana State University
C/O General Counsel Kellie Peterson
211 Montana Hall, Bozeman, MT 59717

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

document and materials identified in attached Exhibit A

| Place: Rosenberg & Ball Co. Lpa,<br>395 North Pearl Street, Granville, Ohio 43023 | Date and Time:<br>5 pm, July 12, 2019 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/12/2019

*CLERK OF COURT*

OR

_____  /s/ Eric Rosenberg
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __Tyler Gischel__
_____ , who issues or requests this subpoena, are:

Eric Rosenberg, Rosenberg & Ball Co. Lpa., 395 N. Pearl St. Granville, Ohio 43023; email erosenberg@rosenbergball.com; phone

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:17CV475

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows: Kellie Peterson General Counsel for Montana State Univ. via Attached Certified mail on *(date)* 6/20/19 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 7/31/19

_____
Server's signature

Eric Rosenberg, Plaintiff's Attorney
Printed name and title

395 N. Pearl St. Granville
Server's address
Ohio 43023

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A - ATTACHMENT TO SUBPOENA

## SUBPOENA INSTRUCTIONS

A. Produce a copy of all originals, drafts, reproductions and photographs of the documents requested.

B. The documents to be produced in response to these requests include all documents within your possession, custody or control. This includes documents in the possession, custody or control of your attorneys, agents, employees, investigators, consultants, and experts, as well as any firm, company, corporation or business in which you own a controlling interest or over which you exercise control in fact. You are required to use reasonable diligence to locate the documents, including those that are not in your immediate possession.

C. If you claim that the attorney-client privilege, or any other privilege, doctrine or reason for withholding a document is applicable, please set forth in writing and with your response to this subpoena: (1) the date of the document; (2) the type of document; (3) the subject matter of the document; (4) the name, employment and title of each person who prepared or received the document or any copy thereof; and (5) the basis for the claim of privilege or other ground for withholding the document. If it is claimed that only part of the document is privileged or otherwise need not be produced, please produce the remaining part of the document.

D. If any document to be produced has been lost, discarded, transferred to another person or entity, destroyed, or otherwise disposed of, please set forth in writing: (1) the date, name and subject matter of the document; (2) the name, employment and title of each person who prepared, received, reviewed, or had custody, possession, or control of the document; (3) all persons with knowledge of the contents or any portion of the contents of the document;
(4) the previous location of the document; (5) the date of disposal or transfer of the document; (6) the reason for disposal or transfer of the document; and, if applicable, (7) the manner of disposal of the document; or, if applicable, (8) the names and addresses of the transferees of the document.

E. **As provided by Federal Rule of Civil Procedure please produce all electronically stored information in a form in which it is ordinarily maintained (i.e., native format).** ("Electronically stored information" is defined to give the full scope of that term as contemplated by the Federal Rules of Civil Procedure, and refers to all computer or electronically stored or generated data and information, and shall include all attachments to and enclosures with any requested item, to which they are attached or with which they are enclosed, and all drafts thereof. "Electronically stored information" includes, but is not limited to, all information storied in any format and on any storage media, including for example, but not limited to: hard disks, floppy disks, optical disks, flash memory devices, and magnetic tape, whether fixed, portable, or removable. The format of "electronically stored information" includes, for example, but is not limited to: word-

1

processing documents, electronic spreadsheets, electronic presentation documents, email messages, image files, sound files, material or information stored in databases, or accessible from databases, of whatever description. "Electronically stored information" also includes all associated metadata that is routinely maintained or saved, which includes for example, but is not limited to document title or name, file name, data and time of creation, date and time of last edit, identity of author, identity of owner, identities of editors, identities of recipients, changes, history of changes, email header information, and email routing information.

F.  The requested materials described can be emailed to erosenberg@rosenbergball.com (or) mailed to Eric Rosenberg's attention at: Rosenberg & Ball Co. Lpa., 395 North Pearl Street, Granville, Ohio 43023. In the alternative, if you would rather produce the materials in person at an address within 100 miles of your address, please let Eric Rosenberg know and he will provide you an address for such a location. If you have any questions, please do not hesitate to contact Eric Rosenberg at 740.644.1027.

## DEFINITIONS

A.  "DOCUMENT" refers to every original, draft and duplicate of every writing and recording of every type and description, including, but not limited to, all writings, recordings, electronically stored information, electronic writings (such as information contained on the internet), e-mail, intra- or inter-company communications, memoranda, reports and photographs as those terms are defined in Rule 1001 of the Federal Rules of Evidence and all documents or tangible things as those terms are used in Rule 34 of the Federal Rules of Civil Procedure.

B.  "COMMUNICATION" refers to any oral, written, spoken or electronic transmission of information, including but not limited to, meetings, discussions, conversations, telephone calls, memoranda, letters, emails, text messages, postings, instructions, conferences, or seminars or any other exchange of information between you or between you and any other person or entity.

C.  "RELATE TO," "RELATED TO," and "RELATING TO" means directly or indirectly, mentioning or describing, pertaining to, being connected with, or reflecting upon the subject matter of the specific request.

D.  "You" or "Your" refers to Montana State University's employees, officers, attorneys, representatives and agents.

## MATERIALS REQUESTED

1. All document(s) and communication(s) relating to any investigation and/or disciplinary action you engaged in regarding Jyl Shaffer.

2. All document(s) and communication(s) relating to any change of status that occurred regarding Jyl Shaffer's employment at Montana State University's Office of Institutional Equity.

2

3. All document(s) and communication(s) relating to any performance review regarding Jyl Shaffer.

4. All document(s) and communication(s) relating to Jyl Shaffer's interactions with Montana State University student Erik Powell.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *V. E. Alli*  ☒ Agent  ☐ Addressee

B. Received by (Printed Name): V. E. ALLE
C. Date of Delivery: 10-20-19

1. Article Addressed to:

Ms. Kellie Peterson, Esq
Office of Legal Counsel
Montana State Univ
211 Montana Hall
Bozeman, MT 59717

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

[USPS BOZEMAN MT 59717 JUN 20 2019 stamp]

9590 9402 1403 5329 2637 52

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)
7017 2620 0000 6523 0078

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt