IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Tyler Gischel,** | : | |
| | : | |
| Plaintiff, | : | Case No.   1:17 CV 475 |
| | : | |
| v. | : | Judge Matthew W. McFarland |
| | : | |
| **University of Cincinnati,** *et al.*, | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION TO
NONPARTY UNITED STATES DEPARTMENT OF EDUCATION'S
MOTION TO QUASH SUBPOENA**

**I.    INTRODUCTION**

Despite Judge Dlott's Order (ECF #28) and offers to compromise, the United States Department of Education's Office of Civil Rights ("OCR") has failed to produce documents responsive to Plaintiff Tyler Gischel's subpoenas seeking relevant documents concerning OCR's investigation into a complaint relating to the allegations that form the basis for this lawsuit. Rather than comply with Judge Dlott's Order, OCR produced a privilege log and hundreds of pages of redacted documents. OCR produced a handful of repetitive documents in legible form, but the rest of the 383 page production consists of blacked out pages. In other words, the production is meaningless and nothing more than an attempt to circumvent Judge Dlott's Order through privilege assertions. The issue at hand is whether OCR has properly withheld documents based on the deliberative process privilege.[1] Plaintiff respectfully submits that the DOE has not done so.

---

[1] Plaintiff is not seeking documents protected by the attorney work product doctrine. However, as noted herein, Plaintiff does alternatively ask the Court to conduct an *in camera* inspection if the deliberative process documents are not ordered produced. If that inspection occurs, the Court should also review the documents for which the DOE asserts work product privilege to determine if the assertion is appropriate.

Accordingly, the Court should deny the motion to quash and order the DOE to produce the documents previously withheld as deliberative. Alternatively, the Court should conduct an *in camera* review of the documents to determine whether the documents should be produced.

## II. BACKGROUND INFORMATION

Plaintiff served the subpoenas attached as Exhibit A upon OCR on or about November 29, 2019 and March 21, 2019. The subpoenas relate to OCR's investigations of Defendant University of Cincinnati ("UC"). These investigations included allegations by the female student that alleged she was sexually assaulted by Plaintiff that UC engaged in gender bias in the handling of her Title IX complaint. In response to the first subpoena, OCR objected and refused to produce any documents. Plaintiff compromised by limiting the request to certain complaints involving UC. The DOE rejected the compromise and moved to quash the subpoena. (ECF Nos. 14, 23, 25). Plaintiff moved to compel compliance. (ECF No. 26) In the briefing, OCR objected to producing documents in response to the subpoena on several grounds, but did not include its privilege arguments in that briefing. Plaintiff agreed in the briefing to further limit his request to four complaints involving UC and to twelve DOE employees involved with those complaints.

Denying OCR's motion to quash and granting Plaintiff's motion to compel, Judge Dlott ruled that the requested documents were relevant and subject to production, finding:

> The documents Gischel seeks ... are relevant to whether UC made statements to the OCR that tend to indicate that it was making gender-based decisions or had gender-based motivations in response to the OCR investigation and complaints. Verbal statements made by UC officials to the OCR, and then memorialized by the OCR or acted upon by the OCR, would not necessarily be found in documents provided to or from UC. Therefore, Gischel has established that the OCR's responsive documents, if any, are relevant to his claims for purposes of Rules 26 and 45.

(ECF No. 28, PageID# 2666). Judge Dlott further ruled that she did not have adequate information to determine privilege issues. She ordered the parties to attempt to resolve privilege issues. (*Id.*,

2

PageID# 2668). Notably, she did not have information to rule because the DOE had not yet provided details or legal arguments for the basis for its privilege objections.

In a good faith effort to resolve the privilege issues, Plaintiff negotiated a separate protective order with the DOE. The negotiations for the protective order started on July 5, 2018. Throughout the negotiations, the DOE maintained that it needed the separate protective order to resolve privilege issues. The protective order was finally complete and entered on January 4, 2019. (ECF No. 35). Plaintiff reasonably believed the privilege issues were resolved and it would receive a full production. However, since all privileged information was redacted, the efforts to negotiate privilege issues were a wasted exercise.

In addition to this delay, the production of the documents was further delayed due to the government shutdown. The documents were received on March 4, 2019. At the time of the production, Plaintiff was battling with UC for documents. As the Court is aware, UC has taken an extraordinarily long time to produce documents and Plaintiff has been forced to seek judicial intervention multiple times to compel production of relevant documents and ensure the production continues.

Plaintiff issued the second subpoena after UC finally finished the portion of its document production that it represented included all correspondence with OCR and documents in its possession from the OCR investigations. Plaintiff issued the second subpoena to OCR in an attempt to obtain the documents previously withheld by OCR and documents that UC confirmed were not in its possession.

Following issuance of the second subpoena, Plaintiffs and counsel for OCR again met and conferred. Among other issues, Plaintiff asked OCR to reconsider its position on the documents withheld from its previous production based on the deliberative privilege because they contained,

for example, statements from Defendant Jyl Shaffer and other UC employees responsible for (1) general Title IX compliance at UC and (2) specific handling of the Title IX complaint filed against Plaintiff. (*See* correspondence attached as Exhibit B, which contains 12 pages of redacted "deliberative" documents about Shaffer).

Unable to resolve the dispute, Plaintiff's counsel and the DOE's counsel met with Magistrate Judge Bowman on May 8, 2020. Judge Bowman instructed the DOE to file this motion to quash so that the Court could rule on the deliberative privilege assertion.[2]

### III. LAW AND ARGUMENT

#### A. Standard of Review

Federal Rule of Civil Procedure 45 permits and governs subpoenas issued to third parties. Fed. R. Civ. P. 45(a)(1). Upon a timely motion to quash, a court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Contrary to the DOE's attempt to shift the burden, "[t]he party seeking to quash a subpoena bears the ultimate burden of proof." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (citing *White Mule Co. v. ATC Leasing Co. LLC*, 2008 WL 2680273, at *4 (N.D. Ohio June 25, 2008)). Here, the DOE has failed to meet its burden to quash the subpoena.

---

[2] Based on the instruction from this conference, Plaintiff is not filing a separate motion to compel, but will do so if the Court requests.

    **B.    The DOE Improperly Withheld or Redacted Responsive Documents Under the Deliberative Process Privilege.**

The DOE has fought production of these documents since the issuance of the subpoena. At the outset, it asserted numerous legal theories to fight production. After losing that battle, the DOE relied on privilege assertions to produce a meaningless set of heavily redacted documents. Attached as Exhibit C is the privilege log. The DOE produced in total 381 pages. The pages from this production attached as Exhibit B demonstrate to the Court the heavy redactions and reliance on the deliberative process privilege. Aside from completely redacted pages, the DOE produced the complaint form repeatedly with a portion not redacted and a few unredacted emails. The Plaintiff respectfully asserts that the DOE has abused its ability to assert the deliberative process privilege and, accordingly, its motion to quash should be denied.

    1.    <u>The Deliberative Process Privilege</u>

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9, 121 S.Ct. 1060, 149 L.Ed.2d 87 (2001) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 44 L.Ed.2d 29 (1975))(internal quotation marks omitted). For the deliberative process privilege to apply, "a document must be both 'predecisional,' meaning it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made,' and 'deliberative,' the result of a consultative process." *Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 550* (6th Cir.2001) (*quoting Schell v. U.S. Dept. of Health & Human Services*, 843 F.2d 933, 940 (6th Cir.1988) (citations omitted)). "Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of an agency, the key issue in applying this

exception is whether disclosure of the materials would 'expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions.' " *Id*. (citations omitted). *See NetJets Large Aircraft ,Inc. v. U.S.*, No. 2:11-cv-1023, 2015 WL 1526346, at *3 (S.D. Ohio Apr. 3, 2015).

"The deliberative process privilege does not shield documents that simply state or explain a decision the government has already made or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *In re Sealed Case*, 121 F.3d 729, 737 (D.C.Cir.1997) (citations omitted); *see also Norwood v. F.A.A.*, 993 F.2d 570, 577 (6th Cir.1993) ("purely factual, investigative matters" that are "severable without compromising the private remainder of the documents" do not enjoy the protection of the exemption)(citation omitted). In addition, "[t]he deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d at 737 (footnote omitted). *See NetJets Large Aircraft ,Inc. v. United States*, No. 2:11-cv-1023, 2015 WL 1526346, at *4 (S.D. Ohio Apr. 3, 2015).

    2.    <u>The DOE Did Not Properly Assert the Deliberate Process Privilege</u>.

In order to assert the deliberative process privilege, the DOE was required to submit an affidavit or declaration from the DOE's highest ranking official or an authorized delegate providing document-specific facts to support the deliberative process privilege assertion. *See Netjets*, 2015 WL 1526346, at *4 ("Both parties agree that an affidavit or declaration is required from the authorized delegate of the Commissioner of the IRS"); *Proctor & Gamble Co. v. United States*, 2009 WL 52197 (S.D. Ohio Dec. 31, 2009) (holding that the deliberative process privilege claims must be asserted by the head of a federal agency or another designated official of the agency

6

and not solely by counsel). The DOE did not do so. Rather, it asserted the deliberative process privilege through counsel and a privilege log. The privilege log contains general descriptions of why it asserts the deliberative process privilege, but it does not provide document-specific facts.

The Sixth Circuit Court of Appeals has not yet ruled on whether the failure to provide the sworn declaration or affidavit waives the privilege. Within the Sixth Circuit, some district courts have conducted an *in camera* review in lieu of waiving the privilege. *See, e.g., Reynolds v. Addis*, No. 18-13669, 2019 WL 8106142, at **2-8 (E.D. Mich. Oct. 23, 2019) (ordering *in camera* review because the privilege logs and redacted documents were insufficient to determine if the deliberative process privilege applies); *NetJets, at* *9 (same). Here, the Court should either order the privilege waived or conduct an *in camera* inspection of the documents to determine if the privilege is properly asserted.[3]

3. <u>The Deliberative Process Privilege Does Not Apply to the Redacted or Withheld Documents</u>.

As stated above, the deliberative process privilege does not protect documents that simply state or explain a decision the government has already made or material that is purely factual. Because almost every document withheld as deliberative in the production was redacted in its entirety and because the privilege log does not contain document-specific information about the redacted pages, it is difficult to determine which pages are and are not deliberative. However, based on the limited information provided, it is clear that not all of these pages are deliberative. For example, many of the pages contain the types of documents to which the privilege does not

---

[3] An *in camera* review will also resolve the law enforcement privilege issue that the DOE raised for the first time in footnote 7 of its brief. The law enforcement privilege does not apply. Even if it did, the DOE has not properly asserted it. *See, e.g.*, *Cummin v. North*, No. 2:15-cv-1043, 2016 WL 10184968 (S.D. Ohio Aug. 18, 2016) Moreover, the DOE should not be permitted to continue raising objections and privileges to the production to see what sticks.

apply, including notification letters sent to UC and the female student who filed the complaint relating to Plaintiff that, if provided to third parties, are not deliberative, interview notes, and correspondence relating to factual issues.

The privilege log contains only vague descriptions, such as "draft correspondence to complainant redacted in full as deliberative as it contains draft language related to the agency's decisionmaking in response to a complaint alleging discrimination" and "discussions of various views and options related to the agency's decisionmaking in response to a complaint alleging discrimination and are accordingly withheld as deliberative." (See Exhibit C.) The log does not contain any further details to determine if the documents are pre-decisional or deliberative. In short, the log and the production are woefully deficient and lead to no other conclusion than that the DOE is abusing its ability to assert the deliberative process privilege in order to avoid production, its goal since the first subpoena was issued. Again, the Court should either find the privilege does not apply and order the documents produced or conduct an *in camera* inspection.

    4.    <u>Even if the Deliberative Process Privilege Applies, Plaintiff Is Entitled to the Documents</u>.

The deliberative process privilege is a qualified privilege that should be overcome when consideration of the following facts weigh in favor of doing so: (1) the relevance of the evidence sought; (2) the availability of other evidence; (3) the role of the government in the litigation; and (4) the potential consequences of disclosure. *See NetJets*, 2015 WL 1526346, at *6; *Libertarian Party of Ohio, et al. v. Husted*, 33 F.Supp.3d 914, 918-21 (S.D. Ohio 2014) . Here, the factors weigh in favor of overcoming the deliberative process privilege.

First, Judge Dlott has already ruled that the documents are relevant. (ECF No. 28.)

Second, the information is not available from other sources. Plaintiff alleges that the DOE pressured UC into discriminating against him and that the decisionmakers, including Defendant

8

Shaffer (whose interview notes are being withheld) held a gender bias against males. UC does not have these documents from the DOE and no other evidence, even the deposition of Shafer, will reveal what she said during her interview with the DOE because of the difference in forums, the fact she faces liability, and the fact that the incident in this case and the interview happened many years ago. Her statements closer in time will be more accurate and reliable. The same is true for other deliberative information withheld from the DOE production.[4]

Third, although the DOE is not a party, its involvement and potential interference are a key allegation in the lawsuit. As argued in detail in the original briefing of the motion to quash and the motion to compel, pressure from the DOE during the relevant time period can be used to establish gender discrimination. (ECF # 23, PAGEID#2128-2132.) If the documents from the DOE are not discoverable, then Plaintiff will be unfairly prejudiced

Fourth, there are no potential negative consequences from the disclosure. This is a small production of discrete information. Moreover, as discussed above, the documents can be marked confidential, which will restrict the production and use of the documents in the litigation.

Therefore, if the Court finds that the documents are protected by the deliberative process privilege, the privilege should be overcome because the above factors weigh in favor of production.

5.  Production Is Not Burdensome.

The DOE argues burden because of the time lapse between its production in March 2019 and the second subpoena in November 2019. First and foremost, a burden objection holds no weight because the documents at issue total 381 pages. Any review or production of 381 pages is not unduly burdensome, and certainly not burdensome enough to outweigh the need for

---

[4] The DOE misconstrues the information in Mr. Rosenberg's letter. He was not implying or admitting that the information could be obtained through Shaffer's interview or any other means.

production. Second, the delay in pursuing the documents was due to delays in receiving discovery from UC. Plaintiffs waited to see if the information would be produced by other means, but it was not. The delay for this reason does not make the request at hand overly burdensome or outweigh the need for discovery. Further, the DOE exaggerates the time period throughout its brief saying Defendants waited over a year to seek the deliberative process documents. This is not true. Regardless, there is no burden to the DOE.

Indeed, the only burden that has been imposed in this case has been upon Plaintiff, who has had to incur significant expense to get relevant documents from the DOE. Plaintiff's future is at stake. He was unfairly branded a sexual offender by UC and had his name and reputation smeared in the media based on a criminal complaint that was dismissed because the accuser and the police officer refused to produce or destroyed relevant evidence. Any burden of part of the DOE is far outweighed by the interests at stake in this litigation.

## V. CONCLUSION

For the foregoing reasons, Plaintiff Tyler Gischel respectfully requests that the Court deny Nonparty United States Department of Education's Motion to Quash Subpoena and order the DOE to produce unredacted versions of the documents withheld based on the deliberative process privilege.


Dated: July 31, 2020

Respectfully Submitted,

*/s/ Tracy L. Turner*
Eric Rosenberg (0069958)
Tracy L. Turner (0069927)
Rosenberg & Ball Co. LPA
205 S. Prospect St.
Granville, Ohio 43023
Phone: 740.644.1027
Fax 866.498.0811 fax
erosenberg@rosenbergball.com
tturner@rosenbergball.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing was filed electronically with the Clerk of the Courrt using the CM/ECF system, which will send notice of the filing to all registered users and served by electronic mail upon Margaret A. Castro, Assistant United States Attorney, 221 E. Fourth St., Ste. 400, Cincinnati, OH 45202, Margaret.Castro@usdoj.gov.

*/s/ Tracy L. Turner*
Counsel for Plaintiff Tyler Gischel